OF THE
STATE OF DELAWARE

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: July 12, 2017
Date Decided: July 13, 2017

Steven Schwartz, Esquire
Schwartz & Schwartz P.A.
1140 South State Street
Dover, DE 19901

Mary Ann Collins
97 Gaelic Court
Magnolia, DE 19962

Re: *Thomas E. Collins, et al., v. Mary Ann Collins*,
Civil Action No. 12357-MG

Dear Counsel and Ms. Collins:

This Letter Opinion addresses Exceptions taken by the Respondent, Mary Ann Collins ("Ms. Collins"), to the Master's Final Report in this matter issued on November 28, 2016 (the "Report"). The case involves a request for partition of a Kent County residential property, 97 Gaelic Court, Magnolia.[1] The property was owned by Mary Jane Collins, mother to the parties here ("Mother"); upon her death, the property devolved upon the parties: Ms. Collins and her brothers, Petitioners Robert and Thomas Collins.[2] Robert and Thomas sought a statutory partition of the house and lot at 97 Gaelic Court (the "Property"). Ms. Collins objected, and brought

---

[1] The address is misleading—Gaelic Court is in a suburbanizing area of rural southern Kent County, west of Magnolia. Magnolia itself is not known as a haven for ex-pat Highlanders.

[2] I refer to Mary Jane Collins as "Mother" and Thomas and Robert Collins by their first names, not out of disrespect, but to avoid confusion due to the instant superabundance of individuals surnamed Collins.

her objections as a Counterclaim: she requested that the Court direct the parties to conduct a private sale of the Property and alleged that Robert owes money to, and that she is entitled to money from, Mother's estate.

The Petitioners moved to dismiss the Counterclaim, alleging that the Respondent had failed to state a claim upon which relief could be granted with respect to the Petition for Partition, and that this Court lacked jurisdiction over the estate claims. Mother's estate (the "Estate") is in the jurisdiction of a probate court in Williamson County, Texas.

In the Report, Master Ayvazian found that the Respondent had not raised a cognizable defense or counterclaim regarding the statutory partition, and that the Court lacked jurisdiction over the probate issues. I have reviewed, as I must, the record and come to a *de novo* determination of the issues involved.[3] After careful consideration of that record as well as the briefs submitted in support and opposition to the Exceptions, I affirm the Report in all respects based upon my independent findings of fact and law.

In her briefs on Exception, Ms. Collins does not, explicitly, point to error in the Report. She alleges that the Petitioners wish to sell the Property at auction to achieve an inadequate price to avoid capital gains tax.[4] She points out that the

---

[3] *See DiGiacobbe v. Sestak*, 743 A.2d 180 (Del. 1999).
[4] The logic of this argument is not, I confess, entirely clear.

Property would sell for a higher price refurbished and sold at a private sale. While the relief she seeks is not entirely clear, she presumably would like me to set aside the Report, order the Petitioners to engage a realtor to attempt a private sale, and (I assume) order contributions from the cotenants for repairs to enhance the sales price. Most of her briefing on Exceptions is consumed by arguments in respect to Mother's Estate: Allegations that Mother was a resident of Magnolia at the time of death, and that the will should therefore have been probated and the Estate administered in Kent County, Delaware and not Williamson County, Texas; that one of the Petitioners and the Executor of the Estate conspired to create a fraudulent death certificate to permit probate in Texas; and that the administration of the Estate has been unfair to her. As to the latter, she alleges that she has been allocated an unfair share of expenses, that Estate debts have not been collected, and that she has been treated unfairly in connection with the Estate, to the tune of tens of thousands of dollars. Those allegations, if proven, are serious, of course. They must be pursued, however, in the court that has jurisdiction, in the first instance, to determine whether the allegations have merit; that is, Texas Court of Law No. 4, in Williamson County, Texas. The Master correctly recommended that such claims be dismissed without prejudice for lack of jurisdiction. I turn, then, to the Exception addressed to the partition.

The parties are coparceners of the Property; tenants-in-common. Any one or more cotenants may petition for partition, which is a statutory right that inheres in

3

joint estates in real property.[5]  Where, as all parties concede is the case here, the property cannot be partitioned in kind without destroying its value, any cotenant has the right to an auction sale conducted by a trustee at "public vendue."[6]

Ms. Collins points out that property routinely sells at a discount at a public auction, and argues that repairs to the Property before sale would enhance net value here as well.  Perhaps so.  The cotenants have a statutory right to a partition sale, notwithstanding.  The Respondent has no right to frustrate such a sale by imposing non-statutory conditions upon it.  As the Master correctly found, the Counterclaim must be dismissed, and a statutory trustee appointed to conduct the sale at public vendue.

This is an unsatisfying case for a Court of Equity.  With regard to the Estate of Mother, to the extent Ms. Collins' allegations are sincere and provable, they are nevertheless beyond my jurisdiction to remedy.  With respect to partition, her objections are easy to comprehend but legally frivolous. The Counterclaims alleging estate wrongdoing are dismissed for lack of jurisdiction, without prejudice.  The Counterclaims regarding partition are dismissed with prejudice.  The Petitioners should present a form of order within one week, providing for appointment of a statutory trustee to sell the Property.  If Ms. Collins is still residing in the Property,

---

[5] 25 *Del. C.* § 721.
[6] 25 *Del. C.* § 729.

the parties and the trustee should consult on the timing of sale and vacation. I retain jurisdiction to impose the Order and to resolve any issues arising in the partition sale.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III